O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTRACTORS BONDING AND INSURANCE COMPANY, a Washington corporation, <br><br>          Plaintiff, <br><br>     v. <br><br>AMERICAN LIGHTING INDUSTRY, INC., a California corporation and DOES 1 through 10, inclusive, <br><br>          Defendants. | Case No. EDCV 08-813-VAP (JWJx) <br><br>**[Motion filed on September 5, 2008]** <br><br>**ORDER DENYING DEFENDANT ALI'S MOTION TO DISMISS** |

Defendant ALI's Motion to Motion to Dismiss Under Rule 12(b)(3), (6) and (7) came before this Court for hearing on September 29, 2008.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court DENIES Defendant ALI's Motion to Dismiss Under Rule 12(b)(3), (6) and (7)

# I. BACKGROUND

## A. Procedural History

Plaintiff Contractors Bonding and Insurance Company filed a Complaint ("Compl.") against American Lighting Industry, Inc. and Does 1 through 10, inclusive ("Defendants") on June 17, 2008, alleging the following six claims: (1) breach of contract; (2) specific performance; (3) quia timet; (4) access to books, records and accounts; (5) violation of California's Uniform Fraudulent Transfers Act; and (6) declaratory relief.

On September 5, 2008 Defendant American Lighting Industry, Inc. ("ALI") filed a Motion to Dismiss Under Rule 12(b)(3), (6) and (7) ("Motion" or "Mot."). Plaintiff filed an Opposition ("Opp'n") on September 15, 2008.

## B. Plaintiff's Allegations

Plaintiff is a corporation engaged in the business of underwriting surety bonds. [Compl. ¶ 2.] Defendant ALI manufactures fixtures and furniture for public and private construction projects. [Id. ¶ 3.] A Cabinet Company, Inc. ("ACC") entered into a series of contracts with Pacific Monarch Resorts, Inc. ("PMR") to supply furniture, fixtures, equipment, and construction items for a construction project ("Project"), including two contracts ("Contracts") for ACC to provide specified

goods for the purchase price of $300,478.00 and $305,521.97, respectively, for the Project. [Id.] ACC purchased the goods for the Project from Defendant ALI. [Id. ¶¶ 6, 11.]

As a condition of entering into the contracts with PMR, ACC posted surety bonds ("Bonds") issued by Plaintiff guaranteeing performance of the Contracts. [Id. ¶ 8.] Before the Bonds issued, ACC and Defendant ALI executed an indemnity agreement ("Indemnity Agreement"), under which ACC and Defendant ALI, agreed to indemnify all losses incurred by Plaintiff arising from the issuance of the Bonds. [Id. ¶ 10.]

PMR has declared ACC to be in default under the Contracts resulting in claims against the Bonds and has sued Plaintiff to collect on its claims. [Id. ¶ 12.] Plaintiff alleges Defendant ALI has breached the Indemnity Agreement by failing to indemnify Plaintiff for the costs of defending against the lawsuit. [Id. ¶ 14.] As a result, Plaintiff has suffered damages in the nature of attorney's fees and expenses. [Id. ¶ 12.]

## II. LEGAL STANDARD
**A. Federal Rule of Civil Procedure 12(b)(3)**

Federal Rule of Civil Procedure 12(b)(3) provides that a complaint may be dismissed for "improper venue."

When deciding a motion to dismiss under Rule 12(b)(3), unlike a Rule 12(b)(6) motion, the Court need not accept the pleadings as true and may consider facts outside the pleadings. See R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper. Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). Plaintiff need only make a prima facie showing of proper venue to avoid the defendant's motion to dismiss. Id.

When venue is improper, a party may either move to dismiss or transfer a case pursuant to 28 U.S.C. § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

**B.   Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair

1 notice of what the plaintiff's claim is and the grounds
2 upon which it rests." Conley v. Gibson, 355 U.S. 41, 47
3 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic
4 Corp. v. Twombly, 550 U.S. __, 127 S. Ct. 1955, 1964
5 (2007).  In addition, the Court must accept all material
6 allegations in the complaint -- as well as any reasonable
7 inferences to be drawn from them -- as true.  See Doe v.
8 United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC
9 Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096
10 (9th Cir. 2005).
11
12      "While a complaint attacked by a Rule 12(b)(6)
13 motion to dismiss does not need detailed factual
14 allegations, a plaintiff's obligation to provide the
15 'grounds' of his 'entitlement to relief' requires more
16 than labels and conclusions, and a formulaic recitation
17 of the elements of a cause of action will not do." Bell
18 Atlantic, 127 S. Ct. at 1964-65 (citations omitted).
19 Rather, the allegations in the complaint "must be enough
20 to raise a right to relief above the speculative level."
21 Id. at 1965.
22
23      Although the scope of review is limited to the
24 contents of the complaint, the Court may also consider
25 exhibits submitted with the complaint, Hal Roach Studios,
26 Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19
27 (9th Cir. 1990), and "take judicial notice of matters of
28

1 public record outside the pleadings," <u>Mir v. Little Co.
2 of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988).

**C.   Federal Rule of Civil Procedure 12(b)(7)**

A party may move to dismiss a case for failure to join an indispensable party under Federal Rule of Civil Procedure 19.  Fed. R. Civ. P. 12(b)(7).  A court should only grant a Rule 12(b)(7) motion if the court determines that joinder would destroy jurisdiction and the absent party is necessary and indispensable.  See <u>Shermoen v. United States</u>, 982 F.2d 1312, 1317-18 (9th Cir. 1992).  A Rule 12(b)(7) motion requires the moving party to bear the burden of producing evidence in support of the motion.  See <u>Citizen Band Potawatomi Indian Tribe of Okla. v. Collier</u>, 17 F.3d 1292, 1293 (10th Cir. 1994).

If it is not feasible to join a necessary party, the Court must determine whether the action "in equity and in good conscience" may proceed in the absence of that party, or whether it must be dismissed with "the absent party being thus regarded as indispensable."  Fed. R. Civ. Proc. 19(b).  Four factors listed in Rule 19(b) are to be considered in determining whether a Rule 12(b)(7) motion should be dismissed and the case proceed, or not.

///
///
///

**III. DISCUSSION**

**A.  Defendant ALI Contends Venue is Improper Pursuant to Rule 12(b)(3)**

Defendant ALI argues that pursuant to the Indemnity Agreement between it and Plaintiff, "[a]ny suit brought upon this agreement shall [be] brought in a court of competent jurisdiction in King County, Washington[.]" [Mot. at 8.]  Therefore, Defendant ALI contends that venue is improper and Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(3).  [Id. at 9.] Plaintiff responds that the Indemnity Agreement clearly provides it "the right to waive the venue clause at its sole discretion."  [Opp'n at 9.]

The Indemnity Agreement contains the following provision regarding venue:

> Any suit brought upon this agreement shall be brought in a court of competent jurisdiction in King County, Washington, and the undersigned consent to venue and personal jurisdiction in King County, for that purpose.  This agreement is governed by the laws of the state of Washington.  Surety shall have the right, in its sole discretion, to waive venue and/or jurisdiction in King County, Washington.  Any waiver by Surety of the venue and/or

> jurisdiction herein shall not waive the choice of law herein agreed to.

[Indemnity Agreement at 3, Exhibit B to Compl.]

Federal law governs the validity and effect of forum selection clauses in diversity cases. <u>Manetti-Farrow, Inc. v. Gucci America, Inc.</u>, 858 F.2d 509, 513 (9th Cir. 1988). The venue provision here allows for Plaintiff at its sole discretion to choose a forum other than King County, Washington; thus, it is not a mandatory provision. <u>Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.</u>, 69 F.3d 1034, 1037 (9th Cir. 1995). Therefore, Defendant ALI's argument that King County, Washington is the sole proper venue for this action fails. Further, Defendant ALI's argument is inconsistent with its position that "[i]t is more logical and reasonable for this case to be transferred to Nevada as the Nevada Court is cognizant of the issues at hand and more apt to deal with the parties." [Mot. at 9.]

Plaintiff need only make a prima facie showing of proper venue to avoid Defendant ALI's Rule 12(b)(3) Motion to Dismiss and it does so here. <u>Rio Properties, Inc.</u>, 284 F.3d at 1019. In a diversity case, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the

1  events or omissions giving rise to the claim occurred, or
2  a substantial part of property that is the subject of the
3  action is situated, or (3) a judicial district in which
4  any defendant is subject to personal jurisdiction at the
5  time the action is commenced, if there is no district in
6  which the action may otherwise be brought."  28 U.S.C. §
7  1391(a).

9       Defendant ALI is a California corporation with its
10 principal place of business in Riverside County,
11 California.  [Compl. ¶ 3.]  For purposes of venue in a
12 diversity case, "a defendant that is a corporation shall
13 be deemed to reside in any judicial district in which it
14 is subject to personal jurisdiction at the time the
15 action is commenced."  28 U.S.C. § 1391(c).  A
16 corporation is a citizen and therefore subject to
17 personal jurisdiction in both its state of incorporation
18 and the state of its principal place of business.  28
19 U.S.C. § 1332(a).  Accordingly, the Court DENIES
20 Defendant ALI's Motion to Dismiss under Rule 12(b)(3).

22 **B.   Defendant ALI Moves to Dismiss Plaintiff's Second**
23      **Claim Under Rule 12(b)(6)**
24      Defendant ALI asserts that Plaintiff's second claim,
25 entitled one for "specific performance," is "a remedy and
26 not a cause of action[,]" thus, it should be dismissed
27 pursuant to Rule 12(b)(6).  [Mot. at 8.]  Although

9

specific performance is not an independent claim, Plaintiff also asserts breach of contract claim here. [Compl. ¶¶ 13-15.] Specific performance is a valid claim where a plaintiff alleges the following:

> (1) A specifically enforceable type of contract, sufficiently certain in its terms. (2) Adequate consideration, and a just and reasonable contract. (3) The plaintiff's performance, tender, or excuse for nonperformance. (4) The defendant's breach. (5) Inadequacy of the remedy at law.

5 Witkin, Cal. Proc., Pleading § 784, at 203-204 (5th ed. 2008).[1] Plaintiff has sufficiently alleged the foregoing. [Compl. ¶¶ 16-21.]

Accordingly, the Court DENIES Defendant ALI's Motion to Dismiss under Rule 12(b)(6).

**C.  Defendant ALI Contends Plaintiff has Failed to Join Indispensable Parties.**

Defendant ALI asserts that ACC, A-Mac Furniture ("AMF") and Sacon Industries are indispensable parties

---

[1] Neither party addresses the choice-of-law provision in the Indemnity Agreement which specifies that the agreement is "governed by the laws of the state of Washington." [Indemnity Agreement at 3, Exhibit B to Compl.] Since it is clear that Plaintiff has waived venue in Washington by filing in this District, the Court construes that Plaintiff has waived choice-of-law as well. Thus, the Indemnity Agreement shall be governed by California law.

10

that must be joined in this case; otherwise they "may be subject to great prejudice, including inconsistent judgments and loss of their ability to present or defend potential claims." [Mot. at 6.] This argument is unpersuasive. AMF and Sacon Industries are not parties to the Indemnity Agreement; thus, they will not be affected by a judgment in this case.

ACC is an indemnitor along with Defendant ALI under the Indemnity Agreement. [Indemnity Agreement at 4, Exhibit B to Compl.] The terms of the Indemnity Agreement, however, clearly state that the obligations of the indemnitors are joint and several. [Id. at 2.] Jointly and severally liable indemnitors are not indispensable parties under Federal Rule of Civil Procedure 19(b). Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 838 (1989).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant ALI's Motion.

Dated: October 1, 2008

VIRGINIA A. PHILLIPS
United States District Judge

11